TOOTLE, HOSEA & CO. AND S. LOCKWOOD & CO., PLAIN-
TIFFS IN ERROR, v. P. S. SHELDON & SON, DEFEND-
ANTS IN ERROR.

Attachment: BANKRUPTCY.   On the 21st day of February, 1878,
    T., H. & Co. commenced certain actions by attachments against
    L. and brother and levied upon certain goods belonging to
    them, and on the third day of March thereafter recovered
    judgments on said attachments.   On the eleventh day of March
    of that year L. and brother filed a petition in bankruptcy, and
    were soon thereafter declared bankrupts.   On the eighteenth
    day of that month S. and Son took the goods in question under
    an order of replevin, which goods were taken from them by
    the U. S. marshal under a warrant in bankruptcy on the twen-
    ty-fourth of that month, and were thereafter adjudged to be
    the property of L. and brother.   *Held*, on demurrer, that these
    facts constitute a defense in favor of S. and Son against T., H. &
    Co., and that their attachments were dissolved by the proceed-
    ings in bankruptcy.

ERROR to the district court of Lancaster county.
Tried below before POUND, J.   The opinion states the
case.

*Lamb, Billingsley & Lambertson,* for plaintiffs in error,
contended that mesne process alone is dissolved by
bankruptcy. *Myers v. Mott,* 29 Cal., 359. That the lien
of the attachment becomes merged in the judgment.
Drake on Attachments, sec. 224, a.   *Bagley v. Ward,*
37 Cal., 121.   Gen. Stat., 560, 562. That the rights of
the parties in this suit were fixed the moment the
property was taken by the plaintiff, Sheldon & Son, in
replevin, and no subsequent action by third parties

NOTE.—When a judgment upon a debt, accrued before the institu-
tion of proceedings in bankruptcy, is entered in a state court prior to
a decree in bankruptcy, the certificate of discharge is conclusive, and
a bar to further proceedings on the judgment.   *Smith v. Kinney,* 6
Neb., 447.

could change the respective rights of the parties. *Parks v. Sheldon*, 36 Conn., 466.

C. C. *Burr*, for defendants in error, cited U. S. Rev. Stat., sec. 5044.  *Allen v. Massey*, 17 Wall., 351.  *Doe v. Childress*, 21 Id., 642.  *Hampton v. Rouse*, 22 Id., 263.  *In re Vogel*, 7 Blatch., 18.  *Donaldson, assignee, v. Farwell*, 93 U. S., 631.  *Bracken v. Johnston*, 4 Dillon C. C. R., 518.  *Bradley v. Frost*, 3 Dillon C. C. R., 457.  *McCord v. McNeal*, 4 Dillon C. C. R., 173.  *Re Hazens*, 4 Dillon C. C. R., 549.  *Perry v. Chandler*, 2 Cush., 237.  *Squire v. Hollenbeck*, 9 Pick., 551.  *Bolander v. Gentry*, 36 Cal., 105.

MAXWELL, CH. J.

On the eighteenth day of March, 1878, the defendants in error instituted an action of replevin against J. S. Hoagland, sheriff of Lancaster county, to recover the possession of certain goods mortgaged by Liddy brothers to the defendants in error.  The plaintiffs in error on their own motion, were substituted as defendants in the action, and answered the petition of the plaintiff, alleging that on the twenty-first day of February 1878, they had commenced certain actions in the county court of Lancaster county against Liddy brothers, and had caused certain orders of attachment to be issued out of said court in said actions, which were levied upon the goods in question, and that on the third day of March, 1878, they recovered judgments in said actions in said court against the firm of Liddy brothers, one judgment being for the sum of $500 and costs, and the other for the sum of $169.94 and costs.  To this answer the defendants in error, as a second defense, alleged in their reply in substance that on the eleventh day of March, 1878,

the Liddy brothers filed their voluntary petition in bankruptcy in the district court of the United States for the district of Nebraska, and on or about the thirteenth of the same month were duly declared bankrupts, and that on the eleventh of the same month an injunction was granted in said cause restraining the defendants in error from disposing of or in any way intermeddling with said goods; and that on the twenty-fourth day of March of that year the goods in question were surrendered by the defendants in error to the marshal of said court upon an order issued out of said court for that purpose; and that afterwards a judgment was rendered in said court for said goods in favor of the assignee in bankruptcy of said Liddy brothers. To this reply the plaintiffs in error demurred upon the ground that the facts stated therein did not constitute a defense to the answer; the demurrer was overruled, and the plaintiffs in error, electing to stand on their demurrer, now bring the cause into this court by petition in error, the only error relied on being that the court erred in its ruling upon the demurrer.

In the case of *Donaldson, assignee, v. Farwell*, 93 U. S., 634, it was held that "the assignment relates back to the commencement of the proceedings in bankruptcy, and vests by operation of law in the assignor the property of the bankrupt, with certain specified exceptions, although the same be then attached. It also dissolves any attachment made within four months next preceding the commencement of the proceedings."

In *Bracken v. Johnson*, 4 Dillon, 518, it was held by Justice Miller that a creditor who proceeds in a state court by attachment, on which he seizes the property of his debtor and realizes his judgment obtained in such suit by a sale of the property

attached, is liable to the assignee in bankruptcy of the debtor appointed under proceedings commenced in the bankruptcy court within four months of the levy of the attachment, although the assignee did not appear or defend the attachment suit or make any attempt to arrest the attachment proceedings. To the same effect is *Bradley v. Frost*, 4 Dillon, R., 459. The goods in question are alleged to have been taken under an order in bankruptcy, and that there was a judgment rendered for them in favor of the assignee therein.

This being the case, the goods in question were taken from the defendants in error by a paramount title—one that they could not successfully defend against—and a proceeding which, being instituted within four months from the time the attachments of the plaintiffs in error were levied, dissolved the same. The purpose of the statute seems to have been to dissolve all attachments levied within four months, whether merged in the judgment or not. No case has been pointed out where an exception has been made in favor of a judgment creditor whose attachment had become merged in the judgment, and we think no such case can be found. The proceedings in bankruptcy, therefore, dissolved the attachments of the plaintiffs in error, and thereby divested their lien. Theoretically, at least, proceedings in bankruptcy were supposed to make an equal distribution, with certain exceptions, of the proceeds of all the debtor's property among his creditors. All creditors could prove their claims and share in the proceeds, and the plaintiffs in error had the right, and for aught that appears in the record may have shared in the assets of the estate. But even if they have not, upon what principle can they be permitted to recover in this action? The defendants in error have not ap-

The State v. Powell.

propriated the goods to their own use, nor, so far as appears, have they received any benefit from the same. It is clear that the second count in the reply constituted a defense to the answer of the plaintiffs in error, and that the demurrer to the same was properly overruled; the judgment is therefore affirmed.

JUDGMENT AFFIRMED.